## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:13-CR-60 |
| | § | |
| MICHAEL EUGENE MOORE | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 16, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Michael Eugene Moore. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of Interstate Transportation of Minor with Intent to Engage in Criminal Sexual Activity, a Class B felony. The offense carried a statutory maximum imprisonment term of 30 years. The United States Sentencing Guideline range, based on a total offense level of 23 and a criminal history category of I, was 46 to 57 months. The Honorable Audrey B. Collins of the Central District of California sentenced Defendant to 66 months imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include employment restrictions, no contact with victims, financial disclosure, financial restrictions, and other conditions related to convicted sex offenders. On July 31, 2009, Defendant completed the term of imprisonment and began his term of supervised release. On July 29, 2013, jurisdiction in this case was transferred to the Eastern District of Texas.

In its petition, the government alleges that Defendant violated his terms of supervised release by failing to answer truthfully to all inquiries by the probation officer and failing to abide by the rules, requirements, and conditions of the sex offender treatment program.

Under the terms of supervised release, Defendant was required, in relevant part, to answer truthfully all inquiries of the U.S. Probation Office and to abide by all rules, requirements, and conditions of the sex offender treatment program. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release by failing to answer truthfully inquiries of the U.S. Probation Office, and failing to abide by all rules, requirements, and conditions of the sex offender treatment program, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the government's petition. In exchange, the government agreed to recommend that Defendant serve 30 days in prison with a one year supervised release extension to begin immediately upon the completion of his present supervised release term. Additionally, in exchange, the government recommended certain modifications of the conditions of Defendant's supervised release be imposed.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Michael Eugene Moore be committed to the custody of the Bureau of Prisons for a term of imprisonment of 30 days with a one year supervised release extension to

immediately follow the completion of his present supervised release term. The Court further **RECOMMENDS** that Defendant's term of supervised release be modified to include the following conditions:

- Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.

- While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional special conditions:

    - Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring Defendant's efforts to obtain and maintain lawful employment.

    - Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.

    - Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in a sex offender treatment program, which may include the application of physiological testing instruments. Defendant shall pay any cost associated with treatment and testing.

    - Defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

    - Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. Defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

    - Defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children.

- Defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with our without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release.

- Defendant shall be required to submit a drug test within 15 days of release on supervised release, and at least two periodic drug test thereafter, as directed by the probation officer.

- Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

Pursuant to Defendant's agreement with the government, Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 20th day of August, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE